DECISION
Plaintiffs appeal concerning the assessment of certain real property, identified as Account 104156, for the 2007-08 tax year. Plaintiffs seek a reduction in real market value (RMV) and maximum assessed value (MAV).[1] In its Answer, filed April 10, 2008, Defendant asked the court to increase the current assessment. The values urged by the parties are set forth below.
A trial was convened on November 6, 2008. James Prestwood appeared for Plaintiffs. Defendant was represented by Theresa Maul, county appraiser; Sarah Malikowski, county appraiser, testified as a witness.
Subsequently, written arguments were received; the record closed January 5, 2009.
 I. EXLUSION OF EVIDENCE
In the July 2008 conference call, the parties agreed the trial would be held on November 6, 2008. The court discussed the importance of meeting the evidence exchange deadlines set forth in Tax Court Rule-Magistrate Division (TCR-MD) 10.
That rule requires any evidence submitted be exchanged in advance and postmarked at least 14 days before trial, which, in this case, was October 23, 2008. Defendant's exhibits were timely mailed a day earlier, on October 22, 2008. *Page 2 
As an alternative, the rule allows that exhibits be "physically received at least 10 days before the trial date." That final exchange date was October 27. Plaintiffs' exhibits were faxed to Defendant's offices at 9:44 p. m. on October 28, 2008. Defendant's representatives actually received and viewed them for the first time on October 29, 2008. That is clearly after either of the exchange deadlines.
At trial, Defendant's representative moved to exclude all of Plaintiffs' evidence in accordance with TC-MD Rule 10, claiming prejudice and harm due to the late delivery.
After due consideration, the court grants Defendant's motion. Plaintiffs' evidence — Exhibit 1 and any related arguments — will not be evaluated or considered in this Decision.
 II. STATEMENT OF FACTS
The subject property is a lot of less than one acre that is improved with a single-family residence. A partition plat was recorded on February 1, 2006, and divided a larger parcel into two legal lots. This appeal involves one of those lots after the legal change.
Upon appeal to the Deschutes County Board of Property Tax Appeals (BOPTA), the assessments were reduced. The values urged by the parties at trial are as follows:

 Real Market Value Maximum Assessed Value
BOPTA $265,730 $105,050
Plaintiffs $265,730 $145,000
Defendant $332,560 $240,600

Defendant is seeking a sizable increase. The county appraisers produced 12 sales of similar properties. From those, five were selected as the most comparable. With those five sales, certain adjustments were made; those adjustments were not explained in detail. Rather, "[u]sing the cost method furnished by [the] Department of Revenue and adjusting to local market *Page 3 
conditions," a value for each improvement was derived. (Def's Ex B-2 at 1.) From that starting point, a residual calculation was made that subtracted the improvement value and a varying dollar amount for site development estimate from the sales prices, resulting in a land value for each property. Defendant's appraisers testified that was a reliable land residual amount.
After surveying all the sales data, Defendant derived average sales based on size and location. Time trends were estimated but not discussed in detail at trial. Other estimates were provided based on records from the Multiple Listing Services for the local area.
Plaintiff James Prestwood elicited some key differences with much of Defendant's evidence. For instance, some sales were located in superior neighborhoods with better amenities. Others involved transactions removed from the assessment date.
 III. ANALYSIS
ORS 308.205(1)[2] defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
"The court looks for arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620 *3 (Mar 26, 2003).
In evaluating the competing evidence, the court looks to the comparability of the different sales and the application of all necessary adjustments for differences. Adjustments are a key *Page 4 
component in evaluating properties. According to Appraisal Institute,The Appraisal of Real Estate 307 (13th ed 2008):
 "Ideally, if all comparable properties are identical to the subject property, no adjustments will be required. However, this is rarely the case * * *. After researching and verifying transactional data and selecting the appropriate unit of comparison, the appraiser adjusts for any differences."
Informed buyers consider a number of factors relevant in an arm's-length transaction, including size, location, year of construction, and condition of the premises. See ORS 308.205. Valuing a property based on sales of comparable properties is "well accepted." SeeWard v. Dept. of Revenue, 293 Or 506, 511, 650 P2d 923 (1982) (citations omitted). However, "[b]ecause sales are seldom comparable in every detail, adjustments must be considered which reflect differences." Id.
(citations omitted). Those adjustments must be reasonable and supported within the four corners of the trial record.
Here, adjustments were presented but not supported by substantial evidence. The use of cost data, not presented at trial for examination, is problematic. Under these specific facts, the land residual presentation does not support the increase requested.
In seeking an increase above the BOPTA level, Defendant has the burden of proof and must establish its case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v.Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the [party] will have failed to meet [its] burden of proof * * *." Reed v. Dept. of Rev., 310 Or 260, 265, 798 P2d 235
(1990). Defendant has not met that statutory requirement. Accordingly, the values on the tax rolls must be sustained and Defendant's request for an increase denied. *Page 5 
 IV. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the values set by the Deschutes County Board of Property Tax Appeals shall remain unchanged. The BOPTA values are hereby sustained.
Dated this ___ day of July 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on July 15,2009. The Court filed and entered this document on July 15, 2009.
[1] Plaintiffs' Complaint requested an adjustment in "assessed value." That request was clarified during the course of the appeal to mean "maximum assessed value."
[2] All references to the Oregon Revised Statutes (ORS) are to 2007.